```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/17/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
  FEDERICO ABREU,

                                Plaintiff,          23-CV-7226 (VEC)

             -against-                    ORDER

  ESB KITCHEN AND BAR CORP (d/b/a
  Emergency Snack Bar), EMERGENCY
  SNACK BAR CORP. and RICHARD
  ESTEVEZ,

                              Defendants.
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on June 12, 2024, the parties submitted a proposed settlement agreement and supporting letter and documentation, Dkt. 27, for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015);

      WHEREAS Plaintiff estimates that he is owed approximately $22,405.00 in unpaid wages, and that his claims, assuming a full recovery are valued at approximately $72,778.52, Dkt. 27, Letter at 3 & Ex. B;

      WHEREAS the proposed settlement provides for a total recovery of $15,000, from which Plaintiff's counsel intends to recover $5,466.57 (one-third of the total settlement amount net costs), *see id.*, Letter at 3 & Ex. A ¶ 1;

      WHEREAS considering "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses," *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020), a total settlement amount of approximately two thirds of the actual damages is reasonable;

Page 1 of 3

WHEREAS an award of attorneys' fees of up to one third of the settlement amount, net costs, is reasonable, *see Brittle v. Metamorphosis, LLC*, No. 20-CV-3880 (ER), 2021 WL 606244, at *4 (S.D.N.Y. Jan. 22, 2021) ("[C]ourts in this District routinely approve FLSA settlement agreements where, as here, the award of attorney's fees represents less than one third of the settlement fund, net costs." (citation omitted));

WHEREAS even when the percentage of fees is reasonable, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees," *Santos v. YMY Mgmt. Corp.*, No. 20-CV-1992 (JPC), 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) (citation omitted);

WHEREAS the Court finds that counsel's hourly rate of $375 per hour, *id.*, Letter at 10 & Ex. C, is reasonable, *see, e.g.*, *Cruz v. O & M Pizza Corp.*, No. 20-CV-5057 (AMD) (CLP), 2022 WL 3448661, at *12 (E.D.N.Y. July 22, 2022) (awarding $375 per hour to Plaintiff's counsel, Mr. Mullholland), *report and recommendation adopted*, 2022 WL 3446332 (E.D.N.Y. Aug. 17, 2022);

WHEREAS the Court finds that the number of hours counsel expended in bringing and settling this case are generally reasonable, *see* Dkt. 27, Ex. C;

WHEREAS attorneys' fees in the amount of $5,466.57 represent approximately 1.4 times the lodestar;

WHEREAS a lodestar multiplier of approximately 1.4 is reasonable, *see Hernandez v. Boucherie LLC*, No. 18-CV-7887 (VEC), 2019 WL 3765750, at *7 (S.D.N.Y. Aug. 8, 2019) (awarding a multiplier of 1.3 in "straightforward FLSA litigation that was neither large nor complex"); and

WHEREAS the release is appropriately limited and does not include a waiver of "claims that have no relationship whatsoever to wage-and-hour issues," *Flores-Mendieta v. Bitefood Ltd.*,

No. 15-CV-4997(AJN), 2016 WL 1626630, at *2 (S.D.N.Y. Apr. 21, 2016) (citing *Cheeks*, 796 F.3d at 206);

IT IS HEREBY ORDERED that the proposed settlement agreement and attorneys' fee award is approved as fair and reasonable. The Court hereby retains jurisdiction over the enforcement of the settlement agreement.

IT IS FURTHER ORDERED that the matter is dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate all motions and deadlines and to close this case.

**SO ORDERED.**

Date: **June 17, 2024**
      **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**